IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-CR-00076-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALMUNDO CRUZ SINGER,

        Defendant.

---

**DEFENDANT'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING (WITHOUT PLEA AGREEMENT)**

---

Almundo Singer, personally and by counsel, Matthew K. Belcher, Assistant Federal Public Defender, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

### I. PLEA OF GUILTY

Mr. Singer intends to plead guilty to the Indictment which charges him with a violation of 18 U.S.C. § 751(a), Escape, without a plea agreement.

### II. ELEMENTS OF THE OFFENSE

Mr. Singer is charged in the Indictment with a violation of 18 U.S.C. § 751(a). This law makes it a crime to escape from a lawfully-imposed custodial situation. The elements of Escape are as follows:

*First*: the defendant was in federal custody pursuant to a lawful arrest on a felony charge at an institution or facility where the defendant was confined by direction of the Attorney General for conviction of an offense;

*Second*: the defendant departed without permission; and

Court's Exhibit 1

*Third*: the defendant knew he did not have permission to leave federal custody.

Tenth Circuit Pattern Jury Instruction 2.35.

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 751(a) is not more than five years imprisonment; not more than a $250,000 fine, or both; not more than three years of supervised release; a $100 special assessment fee; and, if applicable, restitution. A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY

Mr. Singer admits to the following:

On December 16, 2014, Mr. Singer was arrested in New Mexico following an Indictment alleging a violation of 18 U.S.C. §§ 1112(a) and (b), and 18 U.S.C. § 1153(a), Crime in Indian Country: Involuntary Manslaughter. Subsequently, Mr. Singer plead guilty to Involuntary Manslaughter and, on July 23, 2015, District Judge Armijo sentenced him to serve 75 months in the Bureau of Prisons followed by a 3-year term of supervised release[1].

On November 9, 2020, Mr. Singer was released from his term of imprisonment to begin his three year term of supervision. On August 17, 2021, his term of supervision was revoked, and District Judge Moore sentenced him to serve nine months in the Bureau of Prisons followed by

---

[1] *United States v. Almundo Cruz Singer*, 15-CR-00065-MCA, District of New Mexico.

24 months of supervision[2]. Subsequently, the Bureau of Prisons determined Mr. Singer's mandatory release date to be March 6, 2022.

On January 10, 2022, the Bureau of Prisons transferred Mr. Singer to the Residential Re-Entry Center (RRC) Independence House, located at 2765 South Federal Boulevard, Denver, Colorado, 80236, in preparation for his official release from custody on March 6, 2022. On January 13, 2022, despite knowing that he did not have permission to leave, Mr. Singer nevertheless walked away from Independence House and did not return. On January 13, 2022, Mr. Singer still had approximately 53 days left to serve on the sentence Judge Moore imposed in 20-CR-00368-RM.

## VI. SENTENCING COMPUTATION

Mr. Singer understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, Mr. Singer sets forth below his estimate of the advisory guidelines range called for by the United States Sentencing Guidelines.

Mr. Singer estimates the advisory guidelines apply as follows:

A. The applicable guideline is § 2P1.1.

B. Pursuant to § 2P1.1(a)(1), the base offense level would be **13**.

C. Pursuant to § 2P1.1(a)(3), there is a **four-level** decrease in the guidelines because Mr. Singer escaped from the non-secure custody of a Residential Re-Entry Center.

---

[2] *United States v. Almundo Cruz Singer,* 20-CR-00386-RM, District of Colorado.

D. The adjusted offense level would be **9**.

E. A **2-level** downward adjustment is appropriate under § 3E1.1 for acceptance of responsibility.

F. The total offense level would be **7**.

G. Mr. Singer's criminal history category is estimated as a Category **III**.

H. Assuming the accuracy of the criminal history estimate, the Career Offender guideline and the Armed Career Criminal statute do not apply.

I. The advisory guidelines range of imprisonment resulting from an offense level of **7** and a criminal history category of **III** is **4 to 10** months.

J. Pursuant to § 5E1.2, the fine range for this offense would be $1,000 to $9,500, plus applicable interest and penalties.

K. Pursuant to § 5D1.2(a)(2), the term of supervision shall be at least one year but no more than three years.

Mr. Singer understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines range (in length or form), within the advisory guidelines range, or above the advisory guidelines range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 5/4/22

Almundo Singer
Defendant

Date: 5/4/2022

Matthew K. Belcher
Attorney for Defendant