IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00076-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALMUNDO CRUZ SINGER,

       Defendant.

---

### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

---

Defendant, Almundo Cruz Singer, through his attorney of record, Assistant Federal Public Defender Matthew K. Belcher, hereby submits the following objections to the Presentence Investigation Report (PSR) filed with this Court on June 29, 2022 (Doc. #20).

**Objection No. 1:**

Mr. Singer objects to paragraph 18 of the PSR. Specifically, Mr. Singer objects to Probation's determination that the four-level reduction pursuant to § 2P1.1(b)(3) is not applicable here. Contrary to Probation's assertion, found in footnote three on page five of the PSR, Mr. Singer did not commit a felony offense while away from the facility. As such, a four-level reduction is appropriate here.

    I.    *U.S.S.G. § 2P1.1*

Pursuant to U.S.S.G. § 2P1.1(b)(3), if Mr. Singer escaped from the non-secure custody of a community corrections center, "halfway house," or similar facility, the Court should decrease the offense level under subsection (a)(1) by four levels; the only caveat being that the four-level

reduction should not be applied if, while away from the facility, Mr. Singer committed a felony offense.

        II.    *Facts*

On January 16, 2022, City of Englewood police officers were dispatched to 3801 Logan Street based on a report of a possible trespass at a vacant property. Officer Walkinshaw contacted two individuals at the vacant property, who identified themselves as Jared Kossoff and John Stevens. Mr. Kossoff's identity was verified, but Officer Walkinshaw was unable to locate anyone by the name of John Stevens. After asking Mr. Stevens again if the identifying information he had provided was correct, Officer Walkinshaw retrieved a mobile fingerprint scanner from his vehicle and confirmed that John Stevens was, in fact, Almundo Cruz Singer. Subsequently, Mr. Singer was arrested on an outstanding federal warrant. Mr. Kossoff was allowed to the leave on his own accord. Neither Mr. Kossoff nor Mr. Singer were charged with any state or local offense.

        III.    *Law*

Despite not being arrested or charged with any state or local offense, Probation nevertheless asserts that Mr. Singer committed a felony offense while on escape status. Specifically, Probation asserts that Mr. Singer committed the offense of Criminal Impersonation, a violation of C.R.S. § 18-5-113, which is a class 6 felony punishable by up to 18 months; thus, making Mr. Singer ineligible for the four-level reduction pursuant to § 2P1.1(b)(3). Probation is mistaken.

Mr. Singer did not commit Criminal Impersonation by simply providing law enforcement with a fictitious name and date of birth. More specifically, Mr. Singer did not "perform any other act with intent to unlawfully gain a benefit for himself, herself, or another or to injure or defraud another." *See* C.R.S. § 18-5-113(1)(b)(III).

For starters, there is no information that Probation could rely upon to assert that Mr. Singer's intent was to unlawfully gain a benefit for himself or to injure or defraud another. There is no information in the police reports that indicate Mr. Singer was aware of the outstanding federal warrant, let alone that he intended to avoid arrest and prosecution on that outstanding federal warrant by providing fictitious identifying information to law enforcement.

Additionally, providing law enforcement with fictitious identifying information, without performing *any other act*, is insufficient evidence to sustain a conviction under C.R.S. § 18-5-113. In *People v. Peay*, 5 P.3d 398 (Colo.App.2009), Mr. Peay challenged the sufficiency of the evidence used at trial to support his conviction for Criminal Impersonation. Mr. Peay argued that providing the police with a false name and date of birth, without more, was insufficient to support a conviction pursuant to § 18-5-113(1)(b)(III). The appellate court agreed, noting that the statute required an individual to assume a false or fictitious identity and, while in that capacity, *perform any other act* with the intent to unlawfully gain a benefit for himself. *Id*. at 400. Simply providing a fictitious name *and* date of birth do not satisfy the "any other act" element of Criminal Impersonation.

Additionally, assuming, *arguendo*, that Mr. Singer did commit the crime of Criminal Impersonation, the punishment applicable to his conduct would not be synonymous with that of a class 6 felony in Colorado. Assuming a false or fictitious identity, and in such identity, performing any other act with intent to unlawfully gain a benefit for oneself, is a class 2 misdemeanor in Colorado, which, for crimes committed prior to March 1, 2022, is only punishable by up to 364 days in county jail. *See* C.R.S. § 18-1.3-501(1)(a). As such, the hypothetical offense of Criminal Impersonation, even if Mr. Singer had been charged and convicted in state court, would not be an offense that disqualifies Mr. Singer from the four-level reduction pursuant to § 2P1.1.

Succinctly put, Mr. Singer did not commit the state offense of Criminal Impersonation. And, even if he had, such an offense is only punishable in Colorado by up to 364 days. Accordingly, Mr. Singer is entitled to the four-level reduction pursuant to § 2P1.1(b)(3). With that reduction, the total offense level becomes 7 and the advisory guideline range becomes 4 to 10 months.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


/s/ Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

## CERTIFICATE OF SERVICE

I certify that on July 13, 2022, I electronically filed the foregoing ***Defendant's Objections to the Presentence Investigation Report*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Albert C. Buchman, Assistant U.S. Attorney at al.buchman@usdoj.gov

and that the document or paper will be mailed or served to the following non-CM/ECF participant in the manner indicated:

Almundo Cruz Singer (via mail)

/s/ Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
Office of the Federal Public Defender