# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-CR-00076-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALMUNDO CRUZ SINGER,

      Defendant.

_____

## UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT
_____

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to "Defendant's Objections to Presentence Report," ECF No. 21.

### Response to Objection No. 1 (objecting to paragraph 18)

In the PSR's guidelines calculations, the United States Probation Office (probation) did not apply the decrease at USSG § 2P1.1(b)(3) because Defendant "while away from the facility, committed any … state … offense punishable by a term of imprisonment of one year or more." ECF No. 20, ¶ 18. Specifically, probation reasons that Defendant committed criminal impersonation pursuant to C.R.S. § 18-5-113 after escaping. *Id.*, fn. 3. In his objection, Defendant argues that the decrease per Section 2P1.1(b)(3) applies to the contrary of probation's assessment because

1

Defendant did not commit criminal impersonation or, if he did, the crime is a misdemeanor. *Id.* No. 21, p. 2. The government agrees that Defendant escaped from a non-secure facility for Section 2P1.1(b)(3) to potentially apply. However, the government agrees with probation that Defendant committed a state offense after escape, precluding application of any reduction.

### A.    *Defendant committed criminal impersonation*

The relevant conduct at issue must be established by a preponderance of the evidence per USSG § 6A1.3. *United States v. Watts*, 519 U.S. 148, 156 (1997). The facts by that standard of proof show that Defendant did in fact violate Colorado's criminal impersonation statute located at C.R.S. § 18-5-113(1)(b)(III).[1]

The elements of that statute are:

1:      That the defendant,

2:      in the State of Colorado, at or about the date and place charged,

3.      knowingly,

4.      assumed a false or fictitious identity or capacity, legal or other,

5.      and in such identity or capacity,

6.      performed any other act with intent to unlawfully gain a benefit for himself or another, or to injure or defraud another.

COLJI-Crim. 5-1:30 (2021).

---

[1]      As assessed below, all provisions of this statute were class six felonies at the time of Defendant's commission of this crime. The presumptive range for imprisonment for a class six felony is one year to 18 months. C.R.S. 18-1.3-401(1)(a)(V)(A) (2021) (recently effective 2022 amendments to this statute did not change the presumptive range that was in place on January 16, 2022)

In his objection, Defendant focuses his dispute on element six above, specifically arguing that he did not perform "any other act" to gain a benefit or injure or defraud another, in addition to his act of providing a false identity. ECF No. 21, p. 2. In making that assertion, Defendant relies on the Colorado Court of Appeals' opinion in *People v. Pea*, 5 P.3d 398, 400 (Colo. App. 2000) for the proposition that giving a false name and birth date is insufficient to support a conviction under the criminal impersonation statute because the "any other act" must be different than the assumption of the false identity itself.[2] *See* ECF No. 21, p. 3.

Defendant neglects to consider, however, the Colorado Supreme Court's opinion in *Alvarado v. People*, 132 P.3d 1205 (2006), a case that rejected the "two-part" argument lodge in Defendant's objection on similar facts. There, the defendant provided police a false name and a birth date and had an outstanding warrant. *Alvarado*, 132 P.3d at 1206, Police only discovered the warrant upon confirming the defendant's identity later in the arrest. *Id*. The facts in *Alvarado* are similar to those here. *See* ECF No. 20, ¶ 12 (describing police contact and noting that Defendant was arrested on an outstanding federal warrant); Ex. 1, p. 4 ("Dispatch located a warrant for Singer for homicide.").

The Supreme Court held that the circumstances of the case fit the "plain meaning and function of the statute," reasoning directly that the assumption of the

---

2      C.R.S. § 18-5-113 was amended in 2011, which appears to have reordered the criminal impersonation statute. The provision of the statute examined in *Peay* and *Alvarado*, C.R.S. § 18-5-113(e), is identical to the current version at C.R.S. § 18-5-113(1)(b)(III).

false identity could be the same act by which a defendant intents to unlawfully gain a benefit: "[The defendant] characterizes knowingly assuming a false or fictitious identity or capacity as the first act required for conviction, which must then be followed by a separate required second act. We reject this 'two-act' construction of the statute." *Id.* at 1208. Furthermore, the Supreme Court reasoned that the defendant's efforts to avoid an arrest satisfied the statute's proscription having "intent to unlawfully gain a benefit." *See id.*; *see also People v. Johnson*, 30 P.3d 718, 722 (Colo. App. 2000) (also rejecting the two-act argument)

The government asserts that *Alvarado* controls the interpretation of the criminal impersonation statute under state law. Accordingly, applying *Alvarado*, the circumstances here by a preponderance establish that Defendant committed criminal impersonation under subsection (1)(B)(III): (1) Defendant provided a false identity and date of birth and maintained that identity for 45 minutes, causing police to use a mobile scanner to determine his true identity, ECF No. 20, ¶ 12; (2) police contacted Defendant trespassing in a house that should be vacant and having an outstanding arrest warrant, both circumstances that fuel Defendant's motive to conceal his identity to avoid arrest, *see* Ex. 1; (3) Defendant signed an acknowledgement prior to entering Independence House that leaving would constitute a crime, showing his knowledge that escape could lead to arrest, *see* Ex. 2 (form, both Ex. 1 and 2 have been previously discovered to Defendant; (4) Defendant had escaped only two days prior to being contacted in Englewood, a timeframe in which it is logical that one

4

would believe law enforcement was looking for him or her, ECF. No. 20, ¶¶ 10, 12. Because Defendant committed a class six felony, the reduction at Section 2P1.1(b)(3) does not apply.

### B.   All provisions of criminal impersonation were class six felonies at the time of the offense.

Defendant also argues that criminal impersonation under subsection (1)(b)(III), is a class two misdemeanor not meeting "one year or more" exception to the reduction at USSG § 2P1.1(b)(3). ECF No. 21, p. 3. To the contrary, when Defendant gave a false identity to police on January 16, 2022, ECF No. 20, ¶ 12, all provisions of criminal impersonation, including subsection (1)(b)(III), were in fact a class six felonies. The general assembly amended the criminal impersonation statute in 2021 to amend the penalties, making subsection (1)(b)(III) a class two misdemeanor. *See* 2021 Colo. Legis. Serv. Ch. 462 (S.B. 21-271). However, those penalty amendments became effective on March 1, 2022, and were thus not active on January 16, 2022, when Defendant committed the offense. Thus, he committed a class six felony, not a class two misdemeanor, when he was contacted by police.

### C. Defendant committed other state felonies

The government also asserts that Defendant committed two other state felonies after escaping. First, in giving a false identity to police, Defendant committed attempt to influence a public servant pursuant to C.R.S. § 18-8-306, a class four felony punishable by two to six years of imprisonment. C.R.S. 18-1.3-401(1)(a)(V)(A) (2021). This Court should find by a preponderance of evidence that Defendant committed this

crime because he intentionally attempted to influence the police's decision to arrest him by using deceit, a false identity.

Second, Defendant committed first-degree criminal trespass pursuant to C.R.S. § 18-4-503(a), a class five felony punishable by one to three years imprisonment. *Id.* The Court should find by a preponderance that Defendant entered a vacant dwelling, which is defined as any building used, intended to be used, or usually used by a person for habitation per C.R.S. § 18-1-901(3)(g). Supporting that finding, police called the location a "house" and noted that it had a living room, both indicators that the location was intended to be used for habitation. *See* Ex. 1, p. 5. Furthermore, the Court can find that Defendant did not have permission to be in the house because Englewood Police were investigating a report of a trespass in progress and were advised the house should be vacant, both circumstances that are unlikely to be present if Defendant had permission to be there. *See id.*, p. 4.

DATED this 15th day of July, 2022.

COLE FINEGAN
United States Attorney

/s/ Albert Buchman
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov

## **CERTIFICATION OF TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on July 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<u>/s/ *Albert Buchman*</u>
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov