IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00076-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALMUNDO CRUZ SINGER,

       Defendant.

---

### DEFENDANT'S MOTION FOR VARIANT SENTENCE

---

       Defendant, Almundo Cruz Singer, through Assistant Federal Public Defender Matthew K. Belcher, requests that this Court impose a sentence of time-served (five months and six days), followed by two years of supervision, to run concurrent to the two years of supervision imposed in 20-CR-00386-RM.  In support thereof, undersigned counsel would show as follows:

**I.**    **Facts:**

       On January 13, 2022, Mr. Singer walked away from his placement at the Residential Reentry Center – Independence House.  Mr. Singer did not use, attempt to use, or threaten to use force to "escape" from Independence House.  Mr. Singer simply walked out of the front door and immediately found himself homeless in the middle of winter in Denver, Colorado, where the temperatures at night were at or below freezing.

       Three days later, Mr. Singer and an associate were informed of an abandoned property where they could shelter through freezing nights at 3801 S. Logan Street, Englewood, Colorado.  The front door was unlocked, and the dilapidated property was clearly not intended for habitation.  In fact, the property was listed as an "incredible investment opportunity for a developer or someone

who wants to build their dream home." Succinctly put, it was being offered as a "teardown" or "scrape job."[1] The dilapidated structure was not intended to be used as a dwelling, contrary to assertions made by the Government in their response (Doc. #22).



However, not long after settling in at the abandoned property, Englewood police officers arrived, having been tipped off by neighbors of a possible trespass. When confronted by the officers, Mr. Singer provided a fictitious name and date of birth. After being given an opportunity to correct his identifying information, an officer retrieved a mobile fingerprint scanner and identified Mr. Singer, who had a pending federal arrest warrant. Mr. Singer was arrested on that warrant and his acquaintance, Mr. Kossoff, was allowed to leave on his own accord. Neither Mr. Singer nor Mr. Kossoff were charged with any state or local ordinance violations.

---

[1] https://www.corcoranperry.com/real-estate/3801-s-logan-street-englewood-co-80113/3658944/110160758

II.     **The Advisory Guidelines:**

Probation, as well as the Government, has asked this Court to cast a wide net in an attempt to identify any hypothetical felony offense that Mr. Singer could have been charged with and convicted of in state court in order to disqualify him from the four-level reduction in the guidelines despite no charges, either state[2] or local[3], being brought against Mr. Singer or Mr. Kossoff. Nevertheless, the Government and Probation both opine that Mr. Singer committed criminal impersonation. And if not criminal impersonation, the Government throws out a few more options for the Court. How about felony trespass? Or perhaps, Mr. Singer committed the crime of attempting to influence a public servant?

The problem with this hypothetical felony fishing expedition is lack of proof. Admittedly, while the guidelines, at sentencing, operate on a lower burden of proof, even that lower burden of proof, preponderance of the evidence, is not satisfied by mere assumptions made by the Government or Probation *post hoc*. For example, Probation and the Government ask this Court to assume that Mr. Singer knew that a sealed federal arrest warrant was pending and, assuming so, make the further assumption that Mr. Singer, knowing that a sealed federal arrest warrant was pending, provided Englewood police officers with a fictitious name and date of birth in order to avoid arrest. Knowledge and intent are vital elements of most, if not all, criminal statutes. Without them, you do not have a crime.

---

[2] Of note – Colorado Revised Statutes proscribes providing false identifying information to law enforcement, 18-8-111(1)(a)(IV), which is a class 3 misdemeanor only punishable up to six months jail.
[3] Of note – Englewood Municipal Code proscribes both trespass to property, 7-6F-2, and false information to law enforcement, 7-6B-10, both of which are punishable only up to 360 days in jail, 1-4-1.

Proof is again lacking with the Government's fallback hypothetical felony offense of first-degree trespass. There, the Government asks the Court to assume that the dilapidated structure listed as a teardown or scrape job was, nevertheless, intended to be used by a person for habitation. The evidence the Government proffers in this regard is telling – police described the abandoned property as a "house" in their report and noted that there was a "living room." Such notations in a police report are not sufficient substitutes for reliable and credible evidence to support the hypothetical prosecution and conviction of Mr. Singer, *post hoc*, for a felony offense he was never charged with in the first place.

Again, the Government asks the Court to make assumptions as to Mr. Singer's knowledge and intent when it argues that, if not criminal impersonation, and if not first-degree criminal trespass, how about attempting to influence a public servant? Here, the Government again asks the Court to assume that Mr. Singer knew that a sealed federal arrest warrant was pending, and then assume that Mr. Singer, armed with that knowledge, intended to deceive Englewood police officers, and that the intended deceit was aimed at influencing law enforcement's decision on whether or not to arrest Mr. Singer.

There is no evidence as to Mr. Singer's knowledge or intent. And, as the name suggests, the preponderance of evidence burden, while requiring less than the proof beyond a reasonable doubt standard, still requires actual reliable and credible evidence to be presented, not mere assumptions, in order for the standard to be met. Here, the government assumes that Mr. Singer provided a false and fictious name to law enforcement in order to avoid being arrested on a sealed federal arrest warrant. That assumption, even if, as the Government argues, it is a logical assumption, is still only that – an assumption. Without actual evidence showing Mr. Singer's knowledge and intent, the Government and Probation fail in their attempt to construct, *post hoc*, a

4

hypothetical felony offense that would disqualify Mr. Singer from the applicable four-level reduction pursuant to § 2P1.1(b)(2).

**As such, the correctly calculated advisory guideline range is 4 to 10 months (7/III).**

### III. 18 U.S.C. § 3553(a):

Whether the guidelines recommend 4 to 10 months or 12 to 18 months, a sentence of time served is warranted here. Mr. Singer's offense, more often than not, is handled internally by the Bureau of Prisons (BOP). Typically, once apprehended, the BOP inmate is reverted back to BOP custody and required to serve the remaining time left on his sentence. Sometimes, the time left on the federal sentence increases due to the BOP taking away good time credits previously earned by the inmate. Nevertheless, an additional federal prosecution for escape, while not unheard of, is rare. Thus, an additional felony conviction and an additional five months in federal prison, consecutive to whatever time Mr. Singer has left on the underlying sentence, is certainly sufficient, but not greater than necessary, to achieve a condign sentence.

The facts warrant a sentence of time served as well. Mr. Singer did not escape from a secured institution and certainly did not do so by means of violence. Mr. Singer walked out of the front door without any resistance whatsoever. And while homeless for the next three days, he did not place the general public in any heightened state of danger or risk of harm. Mr. Singer was apprehended trying to stay warm in a dilapidated structure during winter in Colorado. Mr. Singer did not break into this dilapidated structure and did not otherwise commit any additional offenses – certainly not any that can be characterized as a crime against the public or a crime diminishing the value of the dilapidated structure. While dissimilar defendants who walk away from a halfway house and then commit serious felony offenses – such as bank robbery – are disqualified from the four-level reduction at issue here, Mr. Singer should not. Homeless, attempting to stay warm at

an abandoned property listed as a teardown, does not warrant an additional seven months in federal prison.

Succinctly put, Mr. Singer is suffering from long standing substance abuse and mental health issues, both of which were exacerbated by his mother's untimely death. Mr. Singer now acknowledges the need for treatment and, importantly, the need to properly process the grief and emotional impact that his mother's untimely death has caused him and his immediate family. Mr. Singer walking away from the halfway house was ill-advised and ill-conceived. Luckily, nothing else came of it, other than Mr. Singer attempting to stay warm in a dilapidated structure in the middle of January in Colorado. An additional federal conviction and an additional five months in federal prison is sufficiently punitive to meet the objectives of 18 U.S.C. § 3553(a). Anything more would be greater than necessary and, thus, unreasonable.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

/s/ Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

## CERTIFICATE OF SERVICE

      I certify that on July 20, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

      Albert C. Buchman, Assistant U.S. Attorney at al.buchman@usdoj.gov

and that the document or paper will be mailed or served to the following non-CM/ECF participant in the manner indicated:

      Almundo Cruz Singer (via mail)

/s/ Matthew K. Belcher  
MATTHEW K. BELCHER  
Assistant Federal Public Defender  
Office of the Federal Public Defender