# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-cr-00076-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALMUNDO CRUZ SINGER,

      Defendant.

_____

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
## FOR VARIANT SENTENCE
_____

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion for Variant Sentencing" ("Motion"), ECF No. 23. The Government joins the United States Probation Office ("Probation") in respectfully requesting that this Court impose a sentence of **12 months and one day** imprisonment with three years of supervised release. The Government further requests any term of supervised release here run concurrent to any undischarged supervised release term in District of Colorado Case No. 22-cr-00386-RM.[1]

---

[1] Deputy United States Marshal Thomas Rohn, the case agent for the present case, confirmed that there is no further imprisonment to be served on this case. All that remains is the supervised release term.

Defendant's Motion requests a variant time-served prison sentence, arguing that the reduction at USSG § 2P1.1(b)(3) applies and further that the mitigated facts, Defendant's short criminal history, and his desire for treatment justify the time-served sentence. *Id.* at p. 1, 5-6. In opposition, the Government asserts that the Guidelines reduction does not apply and that the nature of the current offense, arising from a revocation of supervised release of a serious offense, justify a bottom-of-the-Guidelines prison sentence.

## I.     Probation's Guidelines calculation & sentencing recommendation.

Probation calculates that the base level is 13 under USSG § 2P1.1. ECF No. 20, 17-31. After a two-level reduction for acceptance of responsibility, the total offense level is 11. *Id.* When combined with a criminal history category of III, the advisory Guidelines range is **12-18** months imprisonment. ECF No. 20, Ex. A, R-1. Probation recommends a Guidelines sentence of 12 months and one day of prison and three years of supervised release. *Id*.

## II.     The Government maintains that no reductions apply.

Defendant believes the reduction contained at USSG § 2P1.1(b)(3) applies because he believes he did not commit a state offense punishable by one year or more after escaping.[2] ECF No. 23, p. 3-5. Defendant also raised the same issue in his "Objections to the Presentence Report," ECF No. 21, p. 2-4, and the Government

_____

2      The Government believes Defendant meant USSG § 2P1.1(b)(3), not the (b)(2) provision he cites in this motion. *Compare* ECF No. 23, p. 5 (citing (b)(2)) *with id.* No. 21 (objections, citing (b)(3)). Section 2P1.1(b)(2) is not applicable because Defendant did not return voluntarily to the facility.

maintains the position taken in its response to the objections that the reduction does not apply, *id.* No. 22.

Addressing Defendant's new arguments here, the Government takes issue with Defendant's characterization that the Court is asked to engage in a "hypothetical fishing expedition" by utilizing unreliable and incredible evidence. ECF No. 23, p. 3-4. Rather, the Government asserts that the Court can and should use circumstantial evidence and logical inferences from that evidence to determine that Defendant more-likely-than-not violated one or more state felony statutes after escaping. *See* 18 U.S.C. § 3661 (no limitation on what information the Court can consider in imposing an appropriate sentence); *United States v. Washington*, 890 890 F.3d 891, 896 (10th Cir. 2018) (preponderance standard is defined as "more likely than not").

Defendant first asserts that there is "no evidence as to Mr. Singer's knowledge or intent" in front of this Court. ECF No. 23, p. 4. To the contrary, the circumstances of Defendant's contact with the Englewood Police Department provide circumstantial evidence of his intent to avoid arrest under the criminal impersonation statute: Defendant was contacted in a house not owned by him several days after having escaped a prison-placement and after having signed an acknowledgement he knew it was a crime to escape. *See* ECF No. 22, p. 4-5 (Government's response outlining evidence of intent). By common sense, what other motivation would Defendant have in pretending to be someone else to the police other than he was attempting to avoid trouble?

Defendant did not need know there was a federal arrest warrant; he only needed to know he was providing a false identity. The Colorado Supreme Court's analysis in *Alvarado v. People*, 132 P.3d 1205 (Colo. 2005), relied on by the Government in its response to Defendant's objections, ECF No. 22, did not rely on facts that established the defendant knew there was a warrant, which Defendant seems to believe is a necessary predicate here to a finding that he violated the criminal impersonation statute. *See* ECF No. 23, p. 4-5 ("the government assumes that Mr. Singer provided a false and fictious name to law enforcement in order to avoid being arrested on a sealed federal arrest warrant … that assumption … is still only –an assumption"). Rather, the Court need only find that, more-likely-than-not Defendant was using a fictitious identity to avoid arrest by the police.

Defendant also challenges that the house at 3801 S. Logan Street was a dwelling, arguing that the location was in a dilapidated condition that it could not meet the definition. In response, the Government submits Exhibit 1 (accessed July 22, 2022), the same public website source Defendant relies on. *See* ECF No. 23, fn. 1. The public listing shows that 3801 S. Logan Street, notwithstanding the selective photo Defendant places in his motion, has all the indicia of being a dwelling: bedrooms, bathroom, garage, and kitchen cabinets. *See* Ex. 1. Even if the location is a "teardown" or "scrape job," vacant homes needing renovation can still be dwellings because they are "intended to be used" as habitations in the future under C.R.S. § 18-1-901(3)(g). *People v. Morales*, 298 P.3d 1000, ¶¶ 3, 69 (Colo. App. 2012) (vacant home

under renovation determined to be a dwelling). Further proof of the location's status as a dwelling: Defendant decided to stay there himself. The location satisfies that dwelling element of the first-degree criminal trespass statute.

### III.   The Government recommends a bottom-of-the Guidelines prison sentence.

The Government asserts that 12 months and one day of imprisonment is sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a). The Government acknowledges that this case is facially a simple walk-away from a residential reentry program, and Defendant did not use violence or resistance in escaping or being apprehended. *See* ECF No. 20, ¶¶ 11-12. In assessing the Section 3553(a) factors, however, the Court should look at those simple facts in the more complicated context from which they arise. That context justifies a Guidelines sentence.

Defendant was serving a prison sentence, when he was permitted to serve the remainder in a halfway house. *Id.* ¶ 10. That nine-month prison sentence was imposed after Defendant had been revoked on supervised release, notably for "Failure to Reside in/Comply with Rules of Residential Reentry Center (RRC)". District of Colorado Case No. 20-cr-00386-RM, ECF No. 23 (Judgement for Revocation of Supervised Release); ECF. No. 20, ¶ 28 (adjustment information). Thus, this escape represents Defendant's second failure to embrace a placement focused on his rehabilitation. It also represents his second time breaching the BOP's trust in placing him in a non-secured facility. Defendant's requested time-served sentence for

5

escaping the RRC here would be less than the nine-month sentence Defendant received previously for only violating the rules of an RRC. Furthermore, Defendant committed additional crimes having escaped: trespassing into a house and giving police a false identity that wasted their time and resources for 45 minutes—he was "homeless in the middle of winter in Denver," as Defendant characterizes his situation after escaping, only because he escaped. *See* ECF No. 23, p. 1, 5-6 (Defendant's descriptions of his motivation to enter 3801 S. Logan St.). Anything less than a guideline sentence does not promote Defendant's respect for the federal laws that allowed him to be placed into a nonsecure facility and proscribed him from or state and local criminal laws prohibiting him from trespassing and lying to police. *See* 18 U.S.C. § 3553(a)(2)(A). Nor does a variant sentence discourage him specifically or others generally from escaping halfway house placements. *See id.* § 3553(a)(2)(B).

This entire case arises from Defendant's conduct that led to someone's death in District of New Mexico Case No. 15CR00065 (transferred to the District of Colorado as 20-cr-00386-RM), a serious circumstance of this offense that should be considered. *See id.* § 3553(a)(2)(A); ECF No. 20, ¶ 8, 28. While Defendant is not being sentenced to that facts of that crime in this case, his escape here does demonstrate his inability to take full accountability for that serious offense, having been revoked while on supervised release and now escaping a prison sentence that was imposed as a result. Accordingly, this Court should impose a Guidelines sentence to reflect the seriousness of the underlying case and corresponding sentence from which he escaped. This

ensures that Defendant's continuing inability to accept punishment receives just punishment itself. *See* 18 U.S.C. § 3553(a)(2)(A).

The Government acknowledges the mitigation provided by Defendant, noting that Defendant did not use violence or resistance in escaping or being apprehended, and has a short criminal history, an unstable living situation, and substance abuse issues. ECF No. 23, p. 5-6. In consideration of that mitigation, the Government recommends a prison sentence at the low-end of the Guidelines as sufficient.

Regarding supervised release, a three-year supervised release term with the conditions specified by the Probation is sufficient but not greater than necessary to provide Defendant rehabilitative support after prison, and supervise him to deter further criminal conduct. 18 U.S.C. § 3553(a)(B) and (D). The Government recommends a longer term than the 24 months imposed in District of Colorado Case No. 22-cr-00386-RM to address Defendant's demonstrated inability to be accountable for his crimes. To not duplicate efforts, however, any supervised release term imposed in this case should run concurrent to District of Colorado Case No. 22-cr-00386-RM.

## IV. If the Court finds the reduction applies, the Government recommends a top-of-the Guidelines sentence.

Should the Court determine that the reduction at USSG § 2P1.1(b)(3) applies, yielding a Guidelines range of four to 10 months, the Government respectfully requests the Court impose 10 months of imprisonment.  Notably, even if the Court finds that Defendant did not commit a state felony, he still committed state misdemeanor and local municipal offenses after having escaped, acknowledged by

defendant in ECF No. 23, fn. 2 and 3. With the reduction applied, the top-of-the guidelines sentence is warranted to account for the concerns the Government articulates in this response above.

## **CONCLUSION**

The Government requests the Court deny Defendant's Motion. A sentence of 12-months and one day imprisonment with three years of supervised release concurrent to District of Colorado Case No. 22-cr-00386-RM is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

DATED this 25th day of July, 2022.

COLE FINEGAN
United States Attorney


*/s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: al.buchman@usdoj.gov

## **CERTIFICATION OF TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 25, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<u>/s/ *Albert Buchman*</u>
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: al.buchman@usdoj.gov